# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| STATE OF DELAWARE, | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID A. WHITE, | ) | ID NO. 9604003355 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Decided: May 16, 2022
Date Corrected: August 30, 2022

*Upon the Defendant's Motion for Postconviction Relief Pursuant to Rule 61.*
**DENIED.**

## CORRECTED ORDER

Brian L. Arban, Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for the State of Delaware.

David A. White, *Pro Se*.

**SCOTT, J.**

1

**INTRODUCTION**

Before the Court is Claimant David White's ("White") Motion for Postconviction Relief pursuant to Rule 61. The Court has review White's Motion for Postconviction Relief, in addition to the State of Delaware's ("State") opposition. For the following reasons, White's Motion for Postconviction Relief is DENIED.

**BACKGROUND**

On May 13, 1996, a Superior Court grand jury indicted David White for murder in the first degree, possession of a deadly weapon during the commission of a felony ("PDWDCF"), and conspiracy in the first degree. On August 22, 1997, after a nine-day trial, a jury found White guilty of murder in the first degree and PDWDCF, however, acquitted him on the conspiracy charge.

On November 7, 1997, the Superior Court sentenced White to life imprisonment for the murder in the first degree and five years at Level V imprisonment followed by six months of Level IV supervision for the PDWDCF. White appealed to the Delaware Supreme Court and his convictions and sentences were affirmed on November 16, 1998.

After his convictions and sentences were affirmed, White filed a pro se motion for transcripts, which this Court denied on February 20, 2001. White appealed. The

Delaware Supreme Court dismissed his case because it lacked jurisdiction over an interlocutory appeal.

On August 30, 2002, White filed a postconviction motion for additional DNA testing and this Court denied the motion on October 31, 2002 because the DNA evidence "did positively match the defendant" and any additional testing would be cumulative.

White appealed the denial for additional DNA testing to the Delaware Supreme Court and the Supreme Court affirmed the decision.

Thereafter, White filed motions for transcripts and for sentence modification and this Court denied his requests. White did not appeal those denials.

On September 13, 2021, White filed a pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61 and included a memorandum of law. On December 16, 2021, the State responded to his motion and on April 4, 2022, White replied.

## DEFENDANT'S ASSERTIONS

In White's present motion, he states in previous motions he has repeatedly argued that his counsel was wholly and totally ineffective and that his trial counsel never properly challenged chain of custody violations regarding the DNA evidence. However, in this motion, White does not assert any claims to ineffective assistance of counsel other than using the buzz words in the preceding sentence. Instead, White

3

argues that a witness the State used against him, Mr. Devon Scott ("Mr. Scott"), recanted the incriminating statements made against White. White asserts such evidence should be considered newly disclosed exculpatory recanted statements, entitling him to postconviction relief because of *Purnell v. State*. Further, White argues that Mr. Scott recanting his statements should, at the least, warrant an evidentiary hearing.

## DISCUSSION

Before addressing the merits of any postconviction relief claim, the Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61 and is not procedurally barred.[1] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[2]

Rule 61(i)(l) bars relief if the motion is filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[3] **White's Motion is untimely as he filed this Motion nearly 23 years after his conviction became final, thus is barred by Rule 61(i)(1).** Rule

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[2] *Id.*
[3] Super. Ct. Crim. R. 61(i)(1).

4

61(i)(2) prohibits second or subsequent motions. Since this Motion is the second for White, Rule 61 (i)(2) would ordinarily bar his Motion.[4] Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[5] This bar is not applicable because Defendant claims newly discovered evidence, which could not have been raised in any direct appeal. Finally, Rule 61(i)(4) bars relief if the motion is based on a formerly adjudicated ground—this bar is also inapplicable in the current case.[6]

Under Rule 61, however, none of these four procedural bars applies to a claim that pleads "with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted."[7]

Similarly, Rule 61 provides in pertinent part: "A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion ... pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted."[8]

---

[4] Super. Ct. Crim. R. 61(i)(2).
[5] Super. Ct. Crim. R. 61(i)(3).
[6] Super. Ct. Crim. R. 61(i)(4).
[7] Super. Ct. Crim. R. 61(i)(5).
[8] Super. Ct. Crim. R. 61(d)(2)(i).

Generally, the law favors the finality of criminal judgments after the exhaustion of applicable post-trial motions, appeals and collateral proceedings. In the matter, White has exhausted remedies of a direct appeal to the Delaware Supreme Court, a motion for postconviction relief in this Court. There is an exception, however, on public policy grounds where there is particular new evidence that creates a strong inference that you are actually innocent in fact of the acts underlying the charges of which you were convicted. A defendant shall not be denied the right to prove actual innocence based on new facts. The bar for creating a strong inference in the opinion of the Court that a defendant is actually innocent is exceedingly high. The mere assertion of actual innocence will not suffice. Innocence of the "acts underlying the charges" requires "more than innocence of intent; it requires new evidence that a person other than the petitioner committed the crime."[9]

The most recent Delaware Supreme Court case addressing actual innocence in fact is *Purnell v. State*.[10] In *Purnell*, the Delaware Supreme Court found that certain critical evidence was not obtained or presented by trial counsel at trial. The Supreme Court found that this evidence was "new" under the language of Rule 61 and included: ballistic evidence that favored the defendant; an affidavit containing a

---

[9] *State v. Taylor*, 2018 WL 3199537, at *7 (Del. Super. June 28, 2018), aff'd, 206 A.3d 825 (Del. 2019).
[10] 254 A.3d 1053, 2021 WL 2470511 (Del. June 17, 2021).

recantation of a statement by a fellow inmate of the defendant that the defendant had confessed to the offense while they were both in jail; evidence inculpating two witnesses who testified against the defendant at trial (including a former client of trial counsel and the defendant's fellow inmate who recanted); impeachment evidence from the parents of the co-defendant who testified against the defendant at trial; and, impeachment evidence that was not raised on cross-examination of a key government witness due to trial counsel's conflict of interest.

Our Supreme Court observed that "legitimate claims of actual innocence are exceedingly rare. Indeed, this is the first case where a defendant has satisfied the actual innocence exception to the procedural bars in Rule 61. Because they are so rare, the actual innocence exception, in our view, poses no threat to our State's interest in finality. We believe the result in this case strikes the appropriate balance between our justice system's interests in "finality, comity and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"[11]

While White makes asserts his case closely resembles *Purnell*, this Court does not agree. As mentioned, a finding of actual innocence is an extraordinary case, and such a finding is exceedingly rare. Our Supreme Court found actual innocence when

---

[11] *Id.* at *55.

exculpatory evidence was discovered. The recanted statement did not stand alone, like it does in this case. Further, even in light of the several other factors the court considered, it relied on the recanted statement contained in an affidavit. The recanted statement contained in an affidavit gives assurance of reliability. White, here, simply claims a key witness the State used against him recanted his statement. This alone is a mere allegation of actual innocence, therefore, White cannot overcome to procedural bars of Rule 61.

Even if the recanted statement contained a scintilla of reliability, Mr. Scott's testimony was not the only evidence presented to the jury, therefore the recantation is not likely to change the result if a new trial was ordered. DNA testing linked White to the murder. In addition to DNA evidence, Mr. Brooks, an acquaintance of White, testified that White confessed to committing the murder and his girlfriend at the time, Ms. Ellerbee corroborated that testimony. On cross-examination, the State questioned White's alibi witnesses about their failure to provide the police with White's alibi. His family claimed the night of the murder, White was present at a family gathering to watch a televised wrestling match. The State then presented evidence that on the night of murder, there was not a televised wrestling match underlining the alibi. Further, on cross-examination of White, the State confronted White about inconsistent testimony regarding hiring a prostitute and how he claimed he had not left his house for four to five months after being released from prison.

With the evidence presented at trial, putting aside Mr. Scott's alleged recanted testimony, it is likely the result of a new trial would be the same as White's first trial.

## CONCLUSION

Therefore, for the reasons stated above, the Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

**Judge Calvin L. Scott, Jr.**